**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MA'SHAWNDA CHEVETT HALL, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>THE CHURCH AID OF THE PROTESTANT EPISCOPAL CHURCH IN THE TOWN OF SARATOGA SPRINGS, INC. d/b/a HOME OF THE GOOD SHEPHERD,<br><br>Defendant. | **Index No.** 1:26-cv-1485 (AMN/CBF)<br><br>**COMPLAINT**<br><br>**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Ma'Shawnda Chevett Hall, by her attorneys Hach Rose Schirripa & Rehns LLP, alleges upon knowledge to herself and upon information and belief as to all other matters as follows:

## NATURE OF THE ACTION

1.      Plaintiff Ma'Shawnda Chevett Hall  ("Plaintiff" or "Hall"), brings this Class/collective action pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") in addition to rules and regulations promulgated thereunder, to recover unpaid overtime wages and liquidated damages for late payment of wages owed to Plaintiff and other similarly situated persons.

## JURISDICTION & VENUE

2.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related

1

to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.       Venue is proper in this District because Defendant conducts business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

4.       Defendant The Church Aid of the Protestant Episcopal Church in the Town of Saratoga Springs, Inc. d/b/a Home of the Good Shepherd ("Home of the Good Shepherd") is a New York not-for-profit corporation that, at all relevant times, operated assisted living and memory care facilities in and around Saratoga County.

5.       Defendant Home of the Good Shepherd competes with private companies, performing substantially the same services that private companies perform.

6.       At all relevant times, Defendant Home of the Good Shepherd's annual gross volume of sales has exceeded $500,000.

7.       Defendant Home of the Good Shepherd has employees engaged in interstate commerce and handling, selling, or otherwise working on goods and materials that have been moved in or produced for interstate commerce.

8.       Defendant Home of the Good Shepherd is primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on its premises within the meaning of 29 U.S.C. § 203(s).

9.       At all relevant times, Defendant Home of the Good Shepherd was an "employer" of Plaintiff within the meaning of the FLSA and the NYLL.

10.       Plaintiff was employed by Defendant as a certified nursing assistant and/or home

health aide from around April 2025 to May 2026. She generally worked at 400 Church Street, Saratoga Springs, NY 12866.

## FACTS

11.    Plaintiff's Consent to Sue form is attached hereto in Exhibit A.

12.    Defendant committed the following alleged acts knowingly, intentionally and willfully.

13.    Defendant knew that nonpayment of overtime would economically injure Plaintiff, FLSA Collective members, and violated federal and state laws.

14.    Plaintiff's job duties generally included, assisting patients with activities of daily living, such as bathing, grooming, dressing, feeding, toileting, and doing laundry and monitoring patients.

15.    During her employment, Plaintiff often worked 40 or more hours per week.

16.    Plaintiff was paid an hourly rate of $22.50, and shift differential pay of $27.50 per hour, and $25.00 per hour.

17.    Plaintiff was paid on a bi-weekly basis.

18.    Defendant failed to pay Plaintiff for all of her hours worked, including overtime hours.

19.    By way of example, in the pay period of March 29, 2026 to April 11, 2026, Plaintiff's time records show hours worked of 48.3833 in the first week, from Sunday, March 29, 2026 to Saturday, April 4, 2026, and 61.5333 in the second week, from Sunday, April 5, 2026 to Saturday, April 11, 2026, for a total of 109.9166 hours. However, the time records also show that Plaintiff had breaks for "lunch" lasting less than 20 minutes on Tuesday, April 7, 2026 (a 16-minute "lunch" break from 10:39 p.m. to 10:55 p.m.); Thursday, April 10, 2026 (a 16-minute

3

"lunch" break from 10:15 p.m. to 10:31 p.m.); and on Saturday, April 11, 2026 (a 17-minute "lunch" break from 10:22 p.m. to 10:39 p.m.).

20.    Since these breaks lasted less than 20-minutes, they should have been included in Plaintiff's hours worked and her overtime compensation, but they were not.  Instead, on the paystub dated April 16, 2026, for the pay period from March 9, 2026 to April 11, 2026, Defendant only paid Plaintiff for a total of 109.9166 hours, and not for breaks lasting less than 20 minutes.  *See* 29 C.F.R. § 785.18 ("Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry.  They promote the efficiency of the employee and are customarily paid for as working time.  They must be counted as hours worked.").

21.    Furthermore, Defendant failed to timely pay Pick Up Bonuses, which Plaintiff earned by covering shifts in addition to her scheduled ones.  To date, Defendant still has not paid Plaintiff for all Pick Up Bonuses she earned.

22.    When Defendant paid Plaintiff late, it failed to timely pay overtime compensation due under the Fair Labor Standards Act.

23.    Because Plaintiff was a manual worker, under the New York Labor Law, Defendant was required to pay her weekly and not more than seven days after the end of the workweek.  Defendant violated this provision of the New York Labor Law every time it paid later than seven days after the end of the workweek.

24.    Every time that Defendant paid Plaintiff late, Defendant deprived her of the use of money that belonged to her.  As a result, Plaintiff was unable to do those things that every person does with their money, such as paying bills or buying goods that she needed or wanted to buy.  Moreover, by retaining money that belonged to Plaintiff, Plaintiff lost the time value of money.

25.    On information and belief, Defendant did not pay Plaintiff for attending in-service

trainings.

26.    Defendant did not pay Plaintiff the correct overtime rate, and failed to include the Pick Up Bonus in the calculation of Plaintiff's regular rate.  *See* 29 U.S.C. § 778.109.

27.    Moreover, Defendant provided Plaintiff with a deficient wage notice, in violation of NYLL § 195(1).  The wage notice failed to state that Plaintiff was entitled to Pick Up Bonuses and failed to state that the overtime rate was required to include such bonuses.

28.    Defendant failed to provide wage statements to Plaintiff that complied with NYLL § 195(3).  Certain wage statements did not properly record all of Plaintiff's hours worked, including her breaks lasting less than 20 minutes, or the correct overtime rate.

29.    Had Plaintiff been given the legally required information in her wage notice and statements under NYLL §§ 195(1) and (3), Plaintiff would have been in a better position to advocate for her rights.  Thus, Defendant's failure to provide Plaintiff with lawful wage statements caused Plaintiff to be underpaid.

30.    Because a compliant wage notice and compliant wage statements were not provided, Plaintiff could not effectively determine her pay, and that lack of information concealed the extent of underpayment and delayed Plaintiff's ability to challenge it.

31.    Defendants knowingly committed the foregoing acts against the Plaintiff, FLSA Collective members, and Class members (as defined *infra*).

**FLSA COLLECTIVE ACTION ALLEGATIONS**

I.    **The FLSA Collective**

32.    Plaintiff brings the federal claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees employed by Defendant on or after the date that is three years before the filing of the Complaint in this case as defined herein

("FLSA Collective members").

33.    At all relevant times, Plaintiff and the other FLSA Collective members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them proper overtime wages and timely pay them wages.  The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective members.

34.    The federal claims are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b).  The FLSA Collective members are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant.  Notice can be provided to the FLSA Service Collective Plaintiffs via first class mail to the last address known to Defendant.

<u>**RULE 23 CLASS ALLEGATIONS – NEW YORK**</u>

**I.    The Rule 23 Class**

35.    Plaintiff brings the state law claims pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees employed by Defendant on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Rule 23 Class Period").

36.    All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendant.  The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendant's records.  For purposes of notice and other purposes related to this action, their names and addresses are readily

available from Defendant.  Notice can be provided by means permissible under said F.R.C.P. 23.

37.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are more than forty (40) members of the Class.

38.    Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.  All the Class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay overtime, late payment of wages, and of failing to provide adequate wage notices and statements.  Defendant's corporate-wide policies and practices affected all Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class member.  Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

39.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

40.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated

persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

41.    Upon information and belief, Defendant and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

42.    There are questions of law and fact common to the Class which predominate over

any questions affecting only individual class members, including:

a)      Whether Defendant employed Plaintiff and the Class members within the meaning of the New York law.

b)      At what common rate, or rates subject to common methods of calculation, were and are Defendant required to pay Plaintiff and the Class members for their work.

c)      Whether Defendant paid Plaintiff and the Class members the correct overtime rate for all hours worked.

d)      Whether Defendant timely paid Plaintiff and the Class members all their wages.

e)      Whether Defendant provided Plaintiff and the Class members with adequate wage notices and wage statements.

f)      What are and were the policies, practices, programs, procedures, protocols and plans of Defendant regarding the type and amount of labor Plaintiff and the Class members were required to perform.

### AS AND FOR A FIRST CAUSE OF ACTION
**Violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.**
**Made by Plaintiff on Behalf of All FLSA Collective Members Against Defendant**
**(Overtime Violations)**

43.      Plaintiff, on behalf of herself and the other FLSA Collective Members alleges, re-alleges, and incorporates by reference all allegations set forth in each of the preceding paragraphs as though fully set forth herein.

44.      At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," and primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on its premises within the meaning of 29 U.S.C. § 203.

45.      Defendant willfully failed to pay Plaintiff and the FLSA Collective members all

9

overtime compensation they were due.

46.     Plaintiff, on behalf of herself and the FLSA Collective members, seeks damages in the amount of her and the FLSA Collective members' respective unpaid overtime wages, liquidated damages as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION**
**Violations of the FLSA, §§ 201 *et seq.***
**Made by Plaintiff on Behalf of All FLSA Collective Members Against Defendant**
**(Late Payment of Wages)**

47.     Plaintiff, on behalf of herself and the other FLSA Collective Members alleges, re-alleges, and incorporates by reference all allegations set forth in each of the preceding paragraphs as though fully set forth herein.

48.     During the full statutory period, Plaintiff and the FLSA Collective Members were protected by the provisions of the FLSA, 29 U.S.C §§ 201, et seq., and all applicable regulations thereunder. The FLSA requires covered employers, including Defendant, to pay all compensation earned in a particular workweek on the regularly scheduled pay day for the period in which such workweek ends.

49.     Plaintiff and the FLSA Collective Members were not exempt from the requirement that Defendant timely pay them their wages.

50.     During the statute of limitations period, Defendant has engaged in a policy and practice of failing to pay Plaintiff and the FLSA Collective Members all compensation earned in a particular workweek on the regularly scheduled pay day for the period in which such workweek ends.

51.     As a result of Defendant's failure to pay Plaintiff and FLSA Collective Members all compensation earned in a particular workweek on the regularly scheduled pay day for the

period in which such workweek ends, Defendant has violated the FLSA and/or applicable regulations thereunder.

52.     Defendant has acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff and the FLSA Collective Members in accordance with the FLSA.

53.     Plaintiff, on behalf of herself and the FLSA Collective Members, seeks damages in the amount of her and FLSA Collective members' respective unpaid overtime wages, liquidated damages as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION
**Violations of the NYLL, Section 195(1)**
**Made By Plaintiff on Behalf of Herself and the Class Against Defendant**
**(Failure to Provide Wage Notices)**

54.     Plaintiff, on behalf of herself and the Class members, alleges, re-alleges and incorporates by reference all allegations from all preceding paragraphs as if they were set forth again herein.

55.     Defendant willfully failed to furnish Plaintiff and Class members with a wage notice during the relevant time period of his employment, including the date of their hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff and the Class Members as their primary language, which were to contain, among other things, Plaintiff and the Class members' rate or rates of pay and basis thereof; the regular pay day designated by Defendant as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiff's and Class members' regular hourly rates of pay and overtime rates of pay.

11

56.    Through their knowing and intentional failure to provide Plaintiff and the Class members with the wage notices required by the NYLL, Defendant has willfully violated NYLL §§ 190 et seq. and the supporting Regulations.

57.    Defendants' failure to provide the wage notice required by the NYLL hindered Plaintiff and Class members in their ability to contest the wage and hour deficiencies to which they were subjected by their employer and seek redress of wage violations, resulting in delayed payment of all proper wages and damages.

58.    Due to Defendants' willful violations of the NYLL, Plaintiff and Class members are entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

**AS AND FOR A FOURTH CAUSE OF ACTION**
**Violations of the NYLL, Section 195(3)**
**Made By Plaintiff on Behalf of Herself and the Class Against Defendant**
**(Failure to Provide Wage Statements)**

59.    Plaintiff, on behalf of herself and the Class members, alleges, re-alleges and incorporates by reference all allegations from all preceding paragraphs as if they were set forth again herein.

60.    Defendant willfully failed to provide Plaintiff and the Class members proper written wage statements with their wages each pay period as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; gross wages; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

61.    Through their knowing and intentional failure to provide Plaintiff and Class

members with accurate wage statements required by the NYLL, Defendant has willfully violated NYLL §§ 190 et seq. and the supporting Regulations.

62.    Defendant's failure to provide the wage statements required by the NYLL hindered Plaintiff and Class members in their ability to contest the wage and hour deficiencies to which they were subjected by their employer and seek redress of wage violations, resulting in delayed payment of all proper wages and damages.

63.    Due to Defendant's willful violations of the NYLL, Plaintiff and Class members are entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## AS AND FOR A FIFTH CAUSE OF ACTION
### Violations of the NYLL, §§ 191, 198
### Made By Plaintiff on Behalf of Herself and the Class Against Defendant
### (Late Payment of Wages)

64.    Plaintiff, on behalf of herself and the Class members, alleges, re-alleges and incorporates by reference all allegations from all preceding.

65.    Plaintiff and the Class members were manual workers within the meaning of NYLL § 191(1)(a).

66.    Plaintiff and the Class members spent more than 25% of their time performing physical labor.

67.    Accordingly, Defendant was required to pay Plaintiff and the Class members on a weekly basis but failed to do so.

68.    As a result of Defendants' violation of the NYLL and the Regulations promulgated therein, Plaintiff and the Class members have incurred harm and loss in an amount to be determined at trial, along with liquidated damaged, attorneys' fees and costs of litigation.

## AS AND FOR A SIXTH CAUSE OF ACTION

13

**Violations of the NYLL, 12 NYCRR § 142-2.2**
**Made By Plaintiff on Behalf of Herself and the Class Against Defendant**
**(Overtime Violations)**

69.     Plaintiff, on behalf of herself and the Class members, alleges, re-alleges and incorporates by reference all allegations from all preceding.

70.     Defendants failed to pay Plaintiff and the Class Members the required overtime rate for all overtime hours worked.

71.     As a result of Defendants' unlawful conduct, Plaintiff and the Class members are entitled to recover their unpaid overtime compensation, liquidated damages, pre- and postjudgment interest, and attorneys' fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and the FLSA Collective members and Class members, prays for relief as follows:

A.     Designation of this action as a collective action on behalf of the FLSA Collective members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.     Designation of Plaintiff as Representative of the FLSA Collective members;

C.     Designation of this action as a class action pursuant to F.R.C.P. 23;

D.     Designation of Plaintiff as Representative of the Class;

E.     An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

14

F.      Penalties available under applicable laws;

G.      Costs of action incurred herein, including expert fees;

H.      Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and

other applicable statutes;

I.      Pre-judgment and post-judgment interest, as provided by law; and

J.      Such other and further legal and equitable relief as this Court deems necessary, just

and proper.

## JURY DEMAND

The Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated:  New York, New York
        July 31, 2026

Respectfully submitted,

**HACH ROSE SCHIRRIPA & REHNS LLP**

By: */s/ Finn Dusenbery*
Finn W. Dusenbery
112 Madison Avenue, 10th Floor
New York, NY 10016
Telephone: (212) 213-8311
Facsimile: (212) 779-0028

*Attorneys for Named Plaintiff, proposed FLSA Collective members, and proposed Class members*